```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
MARY OVERTON,

                Plaintiff,

    -against-                                **MEMORANDUM & ORDER**

                                             05-CV-4715 (SJ) (KAM)
AMERIQUEST MORTGAGE CO., *et al*.,

                Defendants.

-----------------------------------X
MATSUMOTO, United States Magistrate Judge:
```

Pending before the Court is plaintiff's motion for sanctions against defendants Julio Suarez and Suarez Carpentry, Inc. (collectively, the "Suarez defendants"), for the Suarez defendants' failure to provide complete responses to plaintiff's discovery requests in a timely manner. (See Doc. No. 73, Letter from L. Anthony Pellegrino, Esq. dated June 16, 2006 ("Pl. June 16 Letter").) For the reasons set forth below, plaintiff's motion is granted. The Suarez defendants shall reimburse plaintiff $1,750 in attorneys' fees within 30 days of the date of this order.

## I. BACKGROUND

Plaintiff served her discovery requests on the Suarez defendants on January 23, 2006 (see Doc. No. 61, Letter from Meghan Faux, Esq. dated May 19, 2006), thus requiring the Suarez defendants to serve their responses thereto on or before February

22, 2006.  See Fed. R. Civ. P. 33(b) and 34(b).  The Court learned, at a conference on March 15, 2006, that the Suarez defendants had not served responses to plaintiff's discovery demands.  Thus, the Court directed the Suarez defendants to provide plaintiff with complete responses to her discovery requests by March 20, 2006.  (See Doc. No. 32, Minute Entry for Mar. 15, 2006.)

According to plaintiff, although the Suarez defendants served responses to plaintiff's discovery demands on March 20, 2006, some of the Suarez defendants' responses were incomplete.  (Id.)  Following a failed attempt to obtain complete responses to her discovery requests, plaintiff advised the Court, at the May 2, 2006 status conference, of the Suarez defendants' failure to provide complete discovery responses.  Accordingly, the Court again ordered that the Suarez defendants provide responses to plaintiff's outstanding discovery requests by May 16, 2006.

By letter dated May 19, 2006, plaintiff complained of the Suarez defendants' failure to provide complete responses on May 16, and requested this Court's "assistance in securing complete responses to her discovery requests . . . ."  (Id.)  By order dated May 19, 2006, the Court ordered the Suarez defendants to "file a response to plaintiff's May 19, 2006 letter" on or before May 24, 2006.

Instead of responding to plaintiff's May 19 letter by,

for example, explaining why they allegedly failed to comply with this Court's orders, the Suarez defendants filed an untimely motion for an additional 10 days "to provide plaintiff with amplification of various interrogatories." (Doc. No. 62, Letter from Stuart R. Berg, Esq. dated May 22, 2006.) Notwithstanding the above failures of the Suarez defendants to comply with court orders, by order dated May 23, 2006 (doc. no. 63), the Court granted the Suarez defendants' requested extension of 10 days, or until June 2, 2006, to provide plaintiff with complete responses to all of her outstanding discovery requests.

Additionally, in the Court's order dated May 23, 2006, the Suarez defendants were directed to show cause, in writing, on or before June 2, 2006, why they should not reimburse plaintiff for the fees and costs incurred relative to her repeated applications seeking full compliance with her discovery requests. In turn, on or before June 9, 2006, plaintiff was directed to advise the Court, in writing, whether: (i) the Suarez defendants have fully complied with her discovery requests; and (ii) plaintiff could seek to recover the fees and costs incurred relative to obtaining complete discovery responses from the Suarez defendants.

Counsel for the Suarez defendants, Stuart R. Berg, Esq., filed a declaration on June 9, 2006, seven days after the deadline for responding to the Court's show cause order. Counsel

claimed that "[f]or some unexplained reason [he] had never seen document No. 63 which is the Order of this Court setting June 2, 2006 as the time this document was to be submitted."  He further denied any "intent to avoid the Court's timetable," or any "intent to ignore a Court order that your undersigned missed the date of June 2, 2006."  (Doc. No. 67, Declaration of Stuart Berg, Esq. dated June 8, 2006 ("Berg Decl.").)  Mr. Berg therein requested that the Court extend the Suarez defendants' time to respond to the order to show cause.

Mr. Berg further explained that shortly after the commencement of this lawsuit, defendant Suarez Carpentry, Inc. ceased doing business and engaged in litigation with the landlord of its business premises where some of its corporate records were kept.  (Berg Decl. ¶¶ 9-10.)  Apparently, certain records were placed in storage, others were left with the office manager, and some records remained "at the business premises that was abandoned by Suarez."  (Id. ¶ 10.)  Mr. Berg stated that certain documents responsive to plaintiff's document requests did not exist, while documents that did exist were provided to plaintiff.  (Id. ¶¶ 11-12.)  Mr. Berg also stated that he held a telephone conference with counsel for plaintiff to discuss the Suarez defendants' responses to plaintiff's discovery requests, and to ascertain whether plaintiff wanted further information or clarification.  (Id. ¶ 13.)

-4-

To the extent plaintiff required further information, Mr. Berg apparently attempted to contact defendant Julio Suarez, in writing and by phone, to request his cooperation in responding to plaintiff's discovery demands. Mr. Berg states that at this point his attorney-client relationship with Mr. Suarez "became non-responsive." (Id. ¶ 16.) Plaintiff contends that the Suarez defendants' "failure to produce [the requested] discovery cannot be fully excused by the lack of cooperation from Mr. Berg's clients, as much of this discovery simply required Mr. Berg to clarify certain answers to the discovery requests, and to put other answers in writing." (Pl. June 16 Letter.)

On June 14, 2006, Mr. Berg moved to withdraw as counsel to the Suarez defendants. The Court held a conference on July 12, 2006 to address Mr. Berg's motion to withdraw. Defendant Julio Suarez appeared in person, along with Mr. Berg and in-coming counsel to the Suarez defendants, Neil Flaum, Esq. At that conference, Mr. Berg reiterated his position that the Suarez defendants were uncooperative in responding to plaintiff's discovery demands. Mr. Berg conceded, however, that he advised plaintiff's counsel of the Suarez defendants' responses to certain discovery requests orally, rather than memorialize them in a verified statement as prescribed by the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 33(b) and 34(b).

Following the July 12 conference, by letter dated July

20, 2006, Mr. Berg reported that all outstanding discovery from the Suarez defendants was sent to plaintiff's counsel on July 19, 2006, via overnight mail.  Mr. Berg requested that this Court "reconsider any thoughts relative to sanctioning Mr. Suarez and/or my firm in that my firm's lack of responsiveness was not purposeful, nor designed to frustrate discovery, but rather based upon the lack of communication from the client which was admitted to during or [sic] in-court conference of July 12, 2006."  (Doc. No. 91.)

In turn, by order dated July 21, 2006, the Court directed plaintiff to indicate, in writing, whether she still seeks sanctions against the Suarez defendants or their counsel, or both.  Plaintiff responded by letter dated July 25, 2006 (doc. no. 93, "Pl. July 25 Letter"), indicating that, in view of the fact that discovery responses were delayed due to the Suarez defendants' lack of responsiveness to their counsel, plaintiff continued to seek sanctions against the Suarez defendants and not their counsel.  Plaintiff explained that although the Suarez defendants "were required to serve their discovery responses on or about February 22, 2006[,]" and "despite numerous court orders" directing the Suarez defendants to provide complete responses to plaintiff's discovery demands, "complete discovery was not provided until July 19, 2006."  (Id.)

## II. DISCUSSION

**A. Whether Sanctions Are Appropriate**

Federal Rule of Civil Procedure 37, entitled, "Failure to Make Disclosures or Cooperate in Discovery; Sanctions," provides procedures for compelling disclosures mandated by Rule 26(a) and responses to discovery. Rule 37(b), upon which plaintiff's sanctions motion is predicated, provides for the imposition of sanctions "[i]f a party . . . fails to obey an order. . . to provide or permit discovery, . . . or fails to obey an order entered under Rule 26(f)."

Among other sanctions, Rule 37(b) provides that "the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." The United States Court of Appeals for the Second Circuit has recognized that monetary sanctions of the sort sought herein by plaintiff are the least severe of the sanctions provided under Rule 37. See Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979) (the "mildest [sanction] is an order to reimburse the opposing party for expenses caused by the failure to cooperate").

Whether to impose sanctions is a matter committed to

-7-

the sound discretion of the court.  <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 642 (1976); <u>Residential Funding Corp. v. DeGeorge Fin. Corp.</u>, 306 F.3d 99, 107 (2d Cir. 2002).  In assessing whether sanctions are appropriate under the circumstances of this case, the Court is guided by the threefold purpose of sanctions, as articulated by the Second Circuit Court of Appeals:

> (1) to ensure that a party will not benefit from its own failure to comply with court orders; (2) to obtain compliance with the particular order issued; and (3) to serve as a general deterrent effect on the case and on other litigants as well.

<u>Cine Forty-Second St. Theatre Corp.</u>, 602 F.2d at 1066 (citations omitted).  "Both the Supreme Court and the Second Circuit have indicated on numerous occasions that sanctions are often a necessary means of dealing with a party which flouts court orders."  <u>Fonar Corp. v. Magnetic Plus, Inc.</u>, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (citing, *inter alia*, <u>Metropolitan Hockey</u>, 427 U.S. at 643; <u>Cine Forty-Second St.</u>, 602 F.2d at 1063-64).

The record reflects an ongoing pattern by the Suarez defendants of disregarding their discovery obligations, court orders and deadlines, for which the Suarez defendants should not now benefit, at the expense of plaintiff.  A review of the record indicates that the Suarez defendants failed to comply with at least two court orders directing that they provide complete responses to plaintiff's discovery requests.  (<u>See</u> Minute Entries

-8-

dated Mar. 15, and May 2, 2006.) The only explanation offered for the Suarez defendants' failures to comply with these orders is the non-cooperation of the Suarez defendants in assisting their counsel to prepare responses to plaintiff's discovery demands. The Suarez defendants did not request that the Court enter a protective order, or assert that plaintiff was not otherwise entitled to the discovery sought.

Moreover, plaintiff has been unnecessarily forced to expend resources to obtain responses to her discovery requests and compliance with court orders. A review of the docket indicates that plaintiff has written to the Court on at least three occasions to complain of the deficiencies in the Suarez defendants' discovery responses. (See Doc. Nos. 61, 73 and 86.) Indeed, plaintiff's counsel's time records, annexed as an exhibit to plaintiff's June 16 letter, indicate that plaintiff's counsel have expended significant resources not only writing to the Suarez defendants' counsel and the Court regarding the Suarez defendants' deficient discovery responses, but also in conferring with Suarez defendants' counsel regarding such deficiencies.

With respect to the second and third purposes of sanctions – obtaining compliance with the particular order issued and serving as a general deterrent, respectively – the Court is hopeful that this order will ensure that the Suarez defendants will fully comply with past and future court orders in this case.

Given the Suarez defendants history of flouting this Court's orders and ignoring deadlines, the Court believes that the instant order will convey to the Suarez defendants that this Court will not tolerate disregard of its orders, especially when plaintiff and the Court are required to expend limited resources attempting to obtain compliance.

The Court has afforded the Suarez defendants an opportunity to explain why they should not be sanctioned, and finds on the basis of their explanation that sanctions are warranted against the Suarez defendants, and not their counsel. Thus, for the foregoing reasons, the Court finds that monetary sanctions against the Suarez defendants are appropriate. Accordingly, the Court will examine plaintiff's request for attorneys' fees to determine the appropriate amount of sanctions.

**B.  Attorneys' Fees**

In this Second Circuit, attorney fee awards are determined by calculating the "lodestar" figure, which is based on the number of hours reasonably expended, multiplied by a reasonable hourly rate.  See Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1159 (2d Cir. 1994) (citation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  "The party seeking reimbursement bears the burden of proving the reasonableness and necessity of hours spent and rates

charged." Morin v. Nu-Way Plastering, Inc., No. 03-CV-405, 2005 WL 3470371, at *2 (E.D.N.Y. Dec. 19, 2005) (citing New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983)). A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed. Carey, 711 F.2d at 1147-48.

*1. Contemporaneous Time Records*

The Court has reviewed the records submitted by plaintiff's counsel for legal services rendered in connection with this matter and finds that the level of detail in each attorneys' billing summaries sufficiently establishes, by attorney, the nature and date of, and hours spent on, the legal services claimed for reimbursement. Thus, the Court next examines whether plaintiffs' counsel seek a reasonable hourly rate.

*2. Hourly Rate*

Plaintiff requests that her counsel, among others, the law firm of Milbank, Tweed, Hadley & McCloy LLP ("Milbank"), be compensated at the following hourly rates. Plaintiffs request that L. Anthony Pellegrino, Esq., an Associate who is a 1999

graduate of Syracuse University College of Law, be awarded $515 per hour. Plaintiff also requests that Mia Korot, Esq., an Associate who is a 2003 graduate of Villanova University School of Law, be awarded $440 per hour. (Pl. June 16 Letter, Ex. A, Declaration of Louis Anthony Pellegrino dated June 16, 2006 ("Pellegrino Decl.") ¶ 4.) Co-counsel to Milbank, South Brooklyn Legal Services ("SBLS"), does not seek costs and fees in connection with plaintiff's attempts to obtain complete responses to her discovery requests from the Suarez defendants. (Id. ¶ 3.)

The Supreme Court has instructed that hourly billing rates should be "calculated according to the prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 896 & n. 11 (1984); see also Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998); Fink v. City of New York, 154 F. Supp. 2d 403, 407 (E.D.N.Y. 2001) (citations omitted). The "relevant community" that a court should consider in determining the lodestar figure "is the district in which the court sits." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citing Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983)). Hourly rates approved in recent Eastern District of New York cases have ranged from $200 to $375 for partners, $200 to $250 for senior associates, and $100 to $150 for junior associates. See, e.g., Morin, 2005 WL 3470371, at *2-3; King v. JCS Enters., Inc., 325 F. Supp. 2d 162, 169-70 (E.D.N.Y. 2004);

Duke v. County of Nassau, No. 97-CV-1495, 2003 WL 23315463, *2 (E.D.N.Y. Apr. 14, 2003); General Motors Corp. v. Villa Marin Chevrolet, Inc., 240 F. Supp. 2d 182, 188 (E.D.N.Y. 2002); Hiller v. County of Suffolk, 199 F.R.D. 101, 109 (E.D.N.Y. 2001); Fernandez v. North Shore Orthopedic Surgery & Sports Med., P.C., No. 96-CV-4489, 2000 WL 130637, at *2 (E.D.N.Y. Feb. 4, 2000); Greenidge v. Mundo Shipping Corp., 60 F. Supp. 2d 10, 12-13 (E.D.N.Y. 1999).

The Court sees no reason to depart from the aforementioned prevailing rates. Accordingly, Mr. Pellegrino shall be compensated at a rate of $225 per hour, and Ms. Korot shall be compensated at a rate of $125 per hour.

*3. Reasonableness of Hours Expended*

The Court next turns to the question of whether the hours expended by plaintiff's counsel are reasonable. The Second Circuit Court of Appeals has instructed judges to "use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent and rates charged in a given case." Fox Indus., Inc. v. Gurovich, No. 03-CV-5166, 2005 WL 2305002, at *2 (E.D.N.Y. Sept. 21, 2005) (quoting Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992)).

Upon a review of plaintiff's counsel's time records,

the Court finds that the time expended by counsel in obtaining complete responses from the Suarez defendants to plaintiff's discovery demands, is reasonable. It appears that Mr. Pellegrino and Ms. Korot both expended 5 hours each on this task. Accordingly, Mr. Pellegrino shall be awarded $1,125, at a rate of $225 per hour, and Ms. Korot shall be awarded $625, at a rate of $125 per hour, for a total award of $1,750.

### III.  CONCLUSION

For the foregoing reasons, the Suarez defendants shall reimburse plaintiff $1,750 in attorneys' fees within 30 days of the date of this order.

**SO ORDERED.**
Dated: August 28, 2006
       Brooklyn, New York

                                      /s/
                              **Kiyo A. Matsumoto**
                              United States Magistrate Judge
                              Eastern District of New York